PIERRE LePAGE, Plaintiff-Appellant, *v.* WALSH CONSTRUCTION COMPANY, LTD., *et al.*, Defendants-Appellees.

Third District   No. 3—83—0510

Opinion filed August 24, 1984.

Patrick T. Moos, of Moos, Schmitt & O'Brien, of Peoria, for appellant.

R. J. Lannon, Jr., and Robert M. Hansen, both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiff Pierre LePage, an electrician, sustained injuries when he fell from a scaffold on June 9, 1978, at the La Salle County construction site of a nuclear power plant owned by Commonwealth Edison. Plaintiff was employed by H. P. Foley Company, the electrical contractor on the project. Plaintiff brought suit against Commonwealth Edison under the Illinois Structural Work Act (Ill. Rev. Stat. 1979, ch. 48, pars. 60 through 69), and following a jury trial, a verdict was returned in favor of defendant from which plaintiff appeals.

The only issue raised upon appeal is whether the trial court's error in refusing to admit into evidence the standards of the Occupational Safety and Health Act (OSHA) was prejudicial to plaintiff, thereby requiring a new trial. Only those facts necessary to this issue will be given.

On the day of the accident, plaintiff was installing conduit trays in Reactor 1. To do this work he stood upon a pick (a long aluminium plank) which stretched about 20 feet from a scaffold placed along the east-west wall to the south wall of the reactor. In order to reach the pick, plaintiff used a ladder in the morning, but in the afternoon after lunch he elected to climb the rungs on the east end of the scaffold, since there were welders, welding machines, and leads on the pick between the ladder and the scaffold which obstructed his path. When he reached the top of the scaffold, he attempted to put his right foot onto the plywood platform, when he fell backwards about 10 feet to the concrete floor below. He sustained injuries to his back.

According to the testimony of other witnesses who arrived at the scene soon after plaintiff's fall, the plywood platform on top the scaffold extended over the top rung 12 to 18 inches. No one saw any handrails or guardrails above the platform on the day of the accident. Plaintiff's foreman climbed the scaffold immediately after the accident and determined that one plywood plank on the platform was not secured and was loose.

At trial, plaintiff's expert testified concerning American National Standards Institute (ANSI) standards relating to scaffolds, and he identified those standards as user-created standards. He stated that the scaffold in question did not comply with the applicable ANSI standards. When plaintiff then attempted to introduce into evidence the OSHA standards, the trial court ruled them to be inadmissible since defendant was not plaintiff's employer. In the court's memorandum opinion disposing of plaintiff's post-trial motion, the trial court admitted that its ruling was erroneous and that the OSHA standards were admissible under the law of Illinois, but the court concluded that the error was not prejudicial to plaintiff since the OSHA standards were identical to the ANSI standards which were already in evidence. The trial court then denied plaintiff's motion for a new trial.

In an earlier case from La Salle County, *Avery v. Moews Seed Corn Co.* (1971), 131 Ill. App. 2d 842, 268 N.E.2d 561, a truck driver delivering corn to defendant's plant was injured while helping defendant's employee with a stalled conveyor belt. The driver filed a negligence action against defendant and, following a jury trial, recovered $39,500 damages. Plaintiff's attorney was permitted to use two rules promulgated under the Illinois Health and Safety Act for the limited purpose of establishing a standard of conduct applicable to defendant's plant but not for the purpose of showing that the rules were binding on defendant, since plaintiff was not an employee of defendant. In affirming the trial court, this court ruled that it was appropri-

ate to read the rules into evidence as a basis for establishing a standard of care even though they were not conclusive as to that standard. The same result was reached in *Clements v. Schless Construction Co.* (1972), 8 Ill. App. 3d 291, 290 N.E.2d 21, where it was held that the Health and Safety Rules were admissible as standards in determining liability under the Structural Work Act even though there was no employer-employee relationship. (See also *Darling v. Charleston C.J. Hospital* (1965), 33 Ill. 2d 326, 211 N.E.2d 253.) On the basis of these cases, we agree that the trial court here erred in refusing to admit the OSHA rules into evidence even though plaintiff was not an employee of defendant.

Defendant does not deny that the court erred, but rather argues that there was no prejudice to plaintiff because admission of the rules would have been merely cumulative, since the ANSI rules were before the jury and since those rules are identical to the OSHA rules. In a similar situation, this court ruled that the refusal to allow introduction of Health and Safety Rules was prejudicial error. In *Pyatt v. Engel Equipment Co.* (1974), 17 Ill. App. 3d 1070, 309 N.E.2d 225, the trial court had permitted an expert witness to describe the standards set forth in those rules but not to identify the source of the rules. Justice Stouder, writing for a unanimous court, found the error prejudicial and stated:

> "[I]t would be of substantial relevance in evaluating a standard to know the source of the standard as distinguished from the opinion of a single expert." 17 Ill. App. 3d 1070, 1072, 309 N.E.2d 225, 227.

Similarly, we believe it would be "of substantial relevance" in evaluating the standard to know that its source was a government agency. The ANSI standard had been identified as a user-created standard. Since Commonwealth Edison was not a "user" in the sense of a construction company, the jury could well have been mistaken as to the weight to be given the standard. Evidence that OSHA standards were not met would not have been merely cumulative but would have been helpful to the jury in weighing the evidence. *Cf. Grant v. Joseph J. Duffy Co.* (1974), 20 Ill. App. 3d 669, 314 N.E.2d 478.

We conclude, therefore, that the trial court erred in denying plaintiff's motion for a new trial. Prejudicial error occurred during trial which prevented plaintiff from receiving a fair trial. We reverse the judgment of the circuit court of La Salle County and remand for a new trial.

Reversed and remanded.

HEIPLE and STOUDER, JJ., concur.